# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

P&S ELECTRIC BV 502 LLC,

      Plaintiff,

v.                                          Case No:  6:24-cv-1042-CEM-LHP

ENTECCO FILTER TECHNOLOGY, INC.,

      Defendant

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **MOTION AND REQUEST FOR ENTRY OF DEFAULT (Doc. No. 11)**
>
> **FILED:**     **August 9, 2024**
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

On June 5, 2024, Plaintiff P & S Electric BV 502, LLC filed suit against Defendant Entecco Filter Technology, Inc., alleging claims for breach of contract and unjust enrichment. Doc. No. 1. On July 24, 2024, Plaintiff moved for Clerk's

Default, which the Court denied without prejudice for failure to comply with Local Rule 3.01(a), failure to demonstrate that service on "Lars Koller as Technical Director" was sufficient under either Florida or North Carolina law, and because Plaintiff's "Affidavit in Support of Plaintiff's Request for Entry of Default" discussed service on a "Defendant, Mahakal Sahai d/b/a 7-Eleven," without explanation. Doc. Nos. 9–10. The Court directed Plaintiff to file a renewed motion for Clerk's Default within 14 days that corrected the identified deficiencies. Doc. No. 10.

Now before the Court is Plaintiff's renewed motion for Clerk's Default. Doc. No. 11. Plaintiff has also filed a separate memorandum of law. Doc. No. 12. Upon review, the motion will again be denied without prejudice. First, Plaintiff's filings violate Local Rule 3.01(a), which provides that "[a] motion must include — in a single document no longer than twenty-five pages inclusive of all parts — a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request." Separate motions and memorandum of law are not permitted. Second, the motion also fails to comply with the typography requirements of Local Rule 1.08.

Third, to the extent the Court considers the separate memorandum of law, it does not explain how service on "Lars Koller as Technical Director" satisfies either Florida or North Carolina law. Rather, Plaintiff merely recites various Florida

statutes and caselaw identifying general service principles, but nowhere explains how the service in this case actually satisfies any of these requirements.  Doc. No. 12.  More specifically, Plaintiff does not explain under which Florida service statute it seeks to effect service, does not identify whether Defendant is a registered or unregistered foreign corporation, and provides no evidence that Lars Koller is an officer of the Defendant, or that Lars Koller is authorized to accept service on behalf of Defendant.  For example, to the extent Plaintiff means to allege Defendant is a registered foreign corporation, North Carolina records indicate a Samuel Price currently acts as Defendant's registered agent,[1] but Plaintiff provides no evidence that any service attempts were made on Samuel Price.  *See* Fla. Stat. § 48.081(2) (stating service must first be attempted on the registered foreign corporation's registered agent as designated by the corporation).  Moreover, Defendant appears to have voluntarily forfeited its status as a registered foreign corporation in Florida since 2019,[2] but Plaintiff's complaint alleges that Defendant maintains an office in

---

[1] Records maintained by the North Carolina Secretary of State can be found by visiting https://www.sosnc.gov/online_services/search/Business_Registration_Results and entering "Entecco Filter Technology, Inc."

[2] Records maintained by the Florida Department of State, Division of Corporations appear to indicate that Entecco voluntarily withdrew its status as a registered foreign corporation with the State of Florida on February 21, 2019.  *See* http://search.sunbiz.org/Inquiry/CorporationSearch/ByName/ and entering "Entecco Filter Technology, Inc."

Sarasota, Florida.  Doc. No. 1 ¶ 8.  Further complicating matters is the fact that Plaintiff has again attached the same "Affidavit in Support of Plaintiff's Request for Entry of Default" listing service on a "Defendant, Mahakal Sahai d/b/a 7-Eleven," without explanation.  Doc. No. 11-1.  And again, Plaintiff provides no explanation as to how service, under these facts, has been properly made.

Accordingly, Plaintiff's renewed motion for Clerk's Default (Doc. No. 11) is **DENIED without prejudice**.  Plaintiff shall file a renewed motion within **fourteen (14) days of this Order**, that complies with all applicable Local Rules, and which must include a memorandum of legal authority establishing that service of process on Defendant was proper under applicable law.

**DONE** and **ORDERED** in Orlando, Florida on August 27, 2024.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties